**CURTIS BROTHERS, INC., Appellant**

v.

**THOMASVILLE CHAIR COMPANY, Appellee.**

**No. 15993.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 18, 1961.

Decided April 6, 1961.

Mr. Harry E. Taylor, Jr., Washington, D. C., with whom Mr. Robert S. Ernst, Washington, D. C., was on the brief, for appellant.

Mr. Raymond S. Smethurst, Washington, D. C., for appellee.

Before EDGERTON, BAZELON, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Thomasville Chair Company sold goods at various times to Curtis Brothers, Inc., "2% 30, net 60." When Thomasville sued Curtis for the price Curtis pleaded the statute of limitations. We agree with the District Court that Thomasville was entitled to summary judgment.

Though Curtis denies it, the meaning of the quoted terms is plain. In the absence of an agreement, of which

there is no evidence, to treat them as meaning something different, they plainly mean that the purchaser is entitled to 60 days credit but can earn a discount by paying in 30 days. The earliest sales involved in this suit were made on October 5, 1956. Because the 60-day credit on those sales did not expire until December 4, 1956, no suit could have been brought before that date. The applicable statute of limitations is three years. This suit was brought December 2, 1959, which was within the three-year period.

Because Thomasville demanded payment less than 60 days after some of the sales were made, though more than 60 days after others, Curtis contends the meaning of the credit terms was a disputed question of fact. We disagree.

Thomasville's demand for payment may or may not have been intended to include the sales on which the 60-day credit period had not elapsed. This is a question of fact but not a material one. If Thomasville did *not* intend to include those sales, no problem arises. If Thomasville *did* intend to include those sales, it may be that Thomasville did not have in mind their dates; or consciously tried to collect payments not yet due; or, possibly, had in mind some peculiar interpretation of the terms of credit. But the intended breadth of Thomasville's demand, and Thomasville's reason for making it, are immaterial. Because the demand and the reason for it were wholly unilateral, they could not change the meaning of the contract terms of credit, or substitute a new contract with a shorter credit, and so make the statute of limitations [D.C.Code 1951, § 12–201] start running less than 60 days after sales were made. There is no evidence that Curtis ever did or said anything, before this suit was brought, tending to show that Curtis agreed either to change the plain meaning of the old credit terms or to substitute new terms. Because there is no evidence that Curtis did or omitted anything, or was damaged, because of Thomasville's demand, Thomasville is not estopped to rely, as it does in this suit, on the fact that the contract of sale gave Curtis 60 days in which to pay.

The court was also right in holding that the statute of limitations barred a counterclaim which Curtis asserted.

Affirmed.